Counsel, I imagine you know the routine here, right? Okay. Yes. Thank you, Your Honor. May it please the court, Bill Woodson for Mr. Rodriguez and Mr. Guitron. To begin with, it is our assertion that the Thomas v. Bible case referenced in our papers disposes of the matter under the law of the case doctrine. Defendant responds with a case called Copart out of the Tenth Circuit that basically draws a distinction that says if the reason the court grants a motion or denies rather, denies a motion for fees and appeal is for a technical or procedural reason, then it's arguable that the law of the case doctrine would not apply. That's exactly the same thing the Thomas case says. So that Tenth Circuit case adds nothing to the mix. In this case, the court was very specific when it denied the motion for fees and appeal because what it said was because the action on appeal was not entirely baseless, frivolous, without merit, quoting Christiansburg. Well, when you do that, you're saying, hey, we're deciding this motion on the very same criteria or criteria that the trial court would use in deciding such a motion. So this appellate decision really should bar any further consideration. Did you argue that in the district court on remand? In the district court on remand? No, I did not. Should that be a waiver? Well, I don't think so, because the decision made by the court of appeal is law of the case. And I don't know that that is something that can be waived. I think it's something that isn't by operation of law applies. That would be our position. I guess my concern is, counsel, the language that our court used when it sent the case back essentially left the whole fee issue open. Now, if the law of the case controlled, what's the point? Doesn't that make that just a useless effort on their part? Why didn't they just say it's done, it's over, nothing more to talk about? I've thought about that. This is good. I don't know the answer to why they wouldn't say that. But it's very possible that the business of the court is such that you don't anticipate every possible argument. You do agree, do you not, counsel, that a case can be non-frivolous and so on at the appeal level and be that at the trial level, right? Under price. Yes. Well, and exactly. But when the court says on appeal that we're denying this motion on the basis of the very same case that's used below, it's like tacitly saying, and this has got nothing to do with the fact that we're carving out this attorney fee amount issue at this point, because that's got to go back down to the trial. Those things didn't happen at the same time either, did they? No. So when they said that the issue, that they didn't have jurisdiction over the attorney's fees issue, that was before they made the determination later about Christensen, right? No, the decision to award fee, oh, you mean the court of appeals? Yes. The panel here. Yes, exactly. That's correct. But failing all of the Thomas versus Bible argument, just going back to the merits of whether it was reasonable to proceed beyond the discovery phase and go through the summary judgment phase, plaintiffs had the same evidence we've talked about on appeal before in opposition to the motion for summary judgment. But the question now is not is there a trial issue, but would an attorney or a plaintiff, a reasonable attorney or a plaintiff, believe there was enough to get to a jury and therefore go beyond the discovery stage through the summary judgment motion? I think we have your position on the law of the case. Maybe you can tell us your thinking about some of the other issues on appeal. Yes, that's where I was going earlier. Okay. The issue of whether there was enough direct evidence to go to a jury on discrimination or whether there was enough indirect evidence to go to a jury on discrimination. Those were the two primary questions that we believe the court should permit a trial issue. Counsel, help me with this. It seems to me in this situation, your clients argued that they were discriminated against, and yet they're in a city where a good part of the employees, the city council, the mayor are the same ethnicity. Moreover, there were at least two whites among the people who were fired. And the discovery seemed to confirm all of this, that the person that they were concerned about had long since left the department, the supervisor that they thought might have been discriminatory and at the time of the action had left. No, no, no. He was still there. Mr. Frazier was there throughout. Perhaps I read incorrectly then. No, they terminated a Caucasian employee by the name of, his name escapes me, it's in the briefs though, and then they brought him back. But you're thinking about the director, Eric Frazier. Perhaps so, yeah. Yeah, no, he was there throughout. Well, let me ask you this, counsel. Let's just take the common sense. What evidence, through discovery or without discovery, do you have that shows that any of the supervisorial personnel of the city acted out of racial scienter? Anything? That's the big question that I contend we loaded into the record, and I'll give you that. Okay. And this was argued throughout the briefings at the trial court and on appeal. In a nutshell, what is it? The decision maker, we contend, was a man named Eric Frazier, a Caucasian. He uttered on several occasions, the reason for the Greece problem in our sewers is because the Mexicans out there. And then why did they fire the two white guys? Well, that doesn't matter. That doesn't end the discussion. That's an argument. You're absolutely right. That's an argument the defendant's going to make before the trial court. Hey, we fired some white guys too. We brought one of them back. The only white guy we fired we brought back and gave him another job. But if I can find one Caucasian who was treated more favorably than my client, that's enough to go to a jury under the end of that. Wasn't it Arroyo that did the firing here? Well, that's what the trial judge concluded. Yeah. Exactly. But Arroyo said, of course Mr. Frazier had to make the decision. We've got an NPDES permit, which is a discharge permit under the law, as the court is well aware of. And we have to have Mr. Frazier involved in termination.  Well, what Mr. Arroyo said is he has to be involved in the decision. But I had better than that, Your Honor. I had Mr. Frazier himself saying, and I repeated this perhaps too many times in my papers, but I show him saying, Hey, listen, if these guys, referring to the plaintiffs, had come up to me and been contrite, had been repentant, had been admitting their mistakes, if they had done something like that, I might have taken a look at that. Those were his words. I might have taken a look at that, but they never gave me that opportunity. And my questioning of him was, why didn't you consider some lesser form of punishment? And that was his response. They gave me no opportunity. Sounded like a typical boss to me. Well, okay, but is a jury entitled to say, we don't, you know, that can't mean he did the decision. That can't mean that. Or is that one possible reasonable interpretation of the evidence? Do you want to save any of your time, counsel? Yes. It's up to you. Thank you. All right, here. May it please the court, my name is Irene Zirko and I represent the city of Colton. In awarding the city reasonable attorney's fees, the district court exercised its discretion squarely within the bounds of the applicable legal standard. The district court did not abuse its discretion when it determined that by the time discovery in this case was closed, the plaintiff's decision to continue to pursue their FICA discrimination claim were groundless. Plaintiff's case centered on their allegation that Eric Frazier made the decision to terminate them. But by the close of discovery, they had no evidence establishing that Frazier made the decision to terminate them or was the moving force in their termination. Plaintiff's rehash issues that the district court already disposed of in summary judgment and that this court affirmed on appeal. During argument on the motion for summary judgment, plaintiff's counsel admitted that their entire case hinged on Frazier and pointed specifically to Mr. Frazier's deposition testimony. The district court ordered the deposition, the transcript of the deposition produced and rebuted in its entirety and rejected the plaintiff's argument that Frazier was implicated or was the moving force in their termination. In affirming the summary judgment on appeal, this court concluded that plaintiff's discrimination claim is so entirely based on speculation that no fair-minded jury could return a verdict for them on the evidence presented. To say we agree with you about all of that, why aren't we still bound by Thomas to hold otherwise? In Thomas, the district court abused its discretion for not following the law of the case, but there was no similar abuse of discretion here. In affirming the summary judgment, this court expressly dismissed that portion of the appeal pertaining to the attorney's fees and then indicated that the district court would have to determine the amount of the fees before it could decide the issue. And that is precisely what the district court did. But after that, there was a motion for attorney's fees in this court for the fees on appeal and this court said that the appeal wasn't frivolous and that's exactly what Thomas says means that that's law of the case and we're bound in the next appeal. Well, we can extrapolate from Thomas the rule that so long as there was some issue on appeal that potentially had merit, then that means that the entire underlying action was non-frivolous. Thomas said the opposite, that there may be cases in which a non-frivolous or even a meritorious appeal could be taken from an order granting summary judgment. But that's when the appeal did not relate to the merits of the claim, which the former appeal here did, right? It decided some of the issues, but not necessarily all of the issues. This court stated in its order declining to award appellate fees that the issues raised by plaintiffs on appeal were not entirely groundless or without foundation. Which issues were not at issue in the last appeal? Well, for example, one of the issues that the plaintiffs raised in the first appeal, I believe had to do with whether two employees were perhaps similarly situated and I believe the plaintiffs asserted that the district court did not ignore that issue or did not decide that issue. So perhaps it was that issue, but again, the court's decision, this court's decision, in declining to award appellate attorney's fees did not provide a reason for why the appeal was not entirely groundless or without foundation. And again, whether fees are appropriate on appeal is a separate issue from whether fees are appropriate in the underlying action. But that's not what, I mean, not according to Thomas. I'm sorry? So Thomas says that if the merits of the case were the issue on appeal and the appellate court says that the appeal was not frivolous, then that means the case is not frivolous and you can't award fees. And maybe you think we should reconsider Thomas or take Thomas, take this issue on bonk, but I'm not sure how we get around that. Well, maybe in Thomas the issues were so intertwined. And also in Thomas, the court, in affirming the motion for summary judgment in the defendant's favor, at the same time decided that the appellate attorney's fees were not warranted on appeal. And during, while this court was deciding the summary judgment issue, the order, or rather the motion for attorney's fees was stayed in the district court. So procedurally this case is a little bit different in how things happened. Counsel, what I struggle with is, Thomas to the contrary notwithstanding, our court did send this back on the issue of attorney fees. And if Thomas is controlling on the issue of attorney fees, what was the purpose of that? Precisely, Your Honor. There would be no purpose in sending it back to the district court to determine the award, the amount of the award. Again, this court expressly declined to decide any issue pertaining to the attorney's fees and expressly dismissed that portion of the appeal. What role, if any, does the Price case play in this? Well, the Price case establishes that attorney's fees for the underlying case is a separate issue as to whether attorney's fees are appropriate on appeal. And again, the district court has discretion to determine whether fees are appropriate for the underlying case, as this court has discretion to determine whether fees are appropriate on appeal. What the panel said in the first decision in the last round of appeal was that it didn't have jurisdiction yet over the attorney's fees issue because an amount hadn't been determined. And that was correct under Brown, wasn't it? I believe so, Your Honor. So that wasn't really a determination that fees would be appropriate. It was just saying we don't have jurisdiction to think about this at all, right? That is correct. So the court, it could not be law of the case because the court did not. No, but the law of the case decision came after. It was then when they asked for fees on appeal, and then there was a second order from this court. That's when this court said this case is not frivolous, and that's the opinion that is a problem for you, not the first one. Okay. Did you argue in the district court that they had waived? Or have you ever argued that they waived this law of the case argument? I didn't see in your briefs anything saying that in the district court they never mentioned law of the case that they've waived it. Well, we presented in the answering brief, we argued that in their opposition to the appellate fees, plaintiffs took the position that this court could not decide the merits of the attorney's fees issue because the issue was not yet ripe for review. Yet now they're arguing that the court implicitly. Right. That's a different waiver issue, though. I'm just wondering, it seems like their strongest argument at this point is law of the case under Thomas, but I don't see where they argued that in the district court on remand, and it doesn't seem like you have said to us they waived that argument. And so I'm wondering if you waived that waiver or whether there's some way to revive that. I don't believe so, Your Honor. I don't believe they argued that in arguing the issue in the district court. And on the ability to pay issue, again, the district court did not abuse its discretion when it awarded Colton attorney's fees because it carefully considered the plaintiff's ability to pay, unless Your Honors have any additional questions. Just on that point, we're reviewing what the district court did in awarding attorney's fees based upon the abuse of discretion, right? Correct. So under the circumstances, district court looked at everybody's up-to-date financial information, looked at the underlying statute, looked at the purpose, et cetera, et cetera. I gather your position is that that's an unassailable position unless Thomas gets us in a different position. Is that correct? I'm not sure I understand the question, Your Honor. In other words, is the law of the case, from your perspective, the only defense that the plaintiffs have at this point or the appellates have? It sounds to me from just listening to plaintiff's argument, Your Honor, yes. Judge Watford, do you have any questions? No, I don't. Thanks. Very well. All right. We have a rebuttal. You have a minute, two seconds. You're living big. Thank you. Okay, here we go. Two things. One, on the amount, the defendant, in our view, in its own briefing, basically conceded that this $28,000 apiece is an unreasonable number because what the defendant said was Mrs. Rodriguez ought to get a job. Mr. Guitron ought to rent out a room. They ought to both work some more hours so they can generate enough money to pay this additional $400 a month. That's what they said in their papers. We pointed out that they're both upside down. They both could declare bankruptcy. They both can't take on any more debt. Therefore, we contend that the court abused its discretion on the amount as well. Well, forgive me, counsel, and we can take you beyond the judge if we take you beyond the time. But in this case, the judge cut the amount in half from what was actually in quotes due. Conceded. He also got the latest information about their financial situation. He found what their monthly television and other expenditures were on, and he made a conclusion that this was a fair approach. What's wrong with that? Because of the reasons I gave the court earlier, they presented evidence that they were over their heads already in debt. And what the court did was focused on a few items that the court thought were, hey, you guys are living pretty high. Who decides that? Isn't it the judge? Yes, she gets to decide that. I concede that. But what I'm suggesting to the court is that can be an abuse of discretion where the facts on their face show people. And the standard, as I understand it, is you can't put them in financial ruin. If they're in the condition they were already in, and you add another 400 bucks a month for the rest of their lives, that's the kind of thing that I think the FEHA and the federal anti-discrimination statutes frowned on. Okay. My final point. No, wait. I'm done. Any questions that my colleagues have? Thank you both for your argument. We appreciate it. Thank you, Your Honor. The case just argued is submitted.
judges: M. Smith, Watford, Friedland